**Mohammad Reza ESHAGHI,**
**Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney**
**General of the United States,**
**Respondent.**

**No. 01–4204–AG.**

United States Court of Appeals,
Second Circuit.

Jan. 24, 2006.

Michael Boyle, Justin Conlon, Law Offices of Michael Boyle, North Haven, Connecticut, for Petitioner.

Patrick L. Meehan, United States Attorney, Virginia A. Gibson, Joseph Trautwein, Assistant United States Attorneys, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of this decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED, the BIA's order VACATED, and the case REMANDED to the BIA for further proceedings consistent with this decision.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2). Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Mohammad Reza Eshaghi, through counsel, petitions for review of the BIA's order denying Eshaghi's claim for relief under the United Nations Convention Against Torture ("CAT"), adopted, S. Treaty Doc. No. 100–20 (1988), and affirming an immigration judge's ("IJ's") denial of his claims for asylum, withholding of removal, and suspension of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we note that Eshaghi does not challenge the denial of his claim for suspension of deportation in his brief to this court, and we therefore consider any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Because the BIA issued an independent decision in this case, that is the decision under review. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). It is well-settled that we review factual findings under the deferential substantial-evidence standard. *See, e.g., Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (per curiam). Though deferential, this standard requires a minimum quantum of evidence and the consideration of material evidence, the absence of which requires vacatur and remand. *See Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 400–02 (2d Cir.2005). In addition, remand to the BIA is an appropriate mechanism for ensuring the consideration of extra-record evidence. *See Qun Yang v. McElroy,* 277 F.3d 158, 162–64 (2d Cir. 2002).

In this case, the BIA made a factual finding about the risk of harm in Iran, but it failed to address Eshaghi's argument that his risk was heightened by his stay in the United States. Respondent correctly points out that this argument was supported by little or no evidence, and if the case came down to this issue alone, remand would probably not be appropriate. The argument is strengthened, however, by the BIA's subsequent findings and holding in *Matter of G–A–,* 23 I. & N. Dec. 366, 2002 WL 968630 (B.I.A.2002). In that case, the BIA held that an Armenian Christian associated with narcotics trafficking, who had spent extensive time in the United States, was more likely than not to be tortured if returned to Iran. *Id.* at 372. It also found that "Iranians who have spent an extensive amount of time in the United States are perceived to be opponents of the Iranian Government or even pro-American spies," and that these people are subject to search and extensive questioning by the Iranian government. *Id.* at 368–69.

Respondent argues that *Matter of G–A–* is off point because it hinged on not just the applicant's stay in the United States, but also his being (1) an Armenian Christian, and (2) associated with narcotics. What respondent fails to recognize, however, is that *Matter of G–A–* involved a much higher risk of harm than the risk Eshaghi needs to show to make out his asylum claim. Whereas *Matter of G–A–* held that the applicant was more likely than not to be harmed, Eshaghi needs to show only that he has a well-founded fear of harm.[2] *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Remand is appropriate, given this lower standard, because there is a realistic possibility that the BIA or IJ will find Eshaghi eligible for asylum in light of *Matter of G–A–*. *See Cao He Lin,* 428 F.3d at 406–07. Although it is not clear

---

**2.** The nature of the harm that Eshaghi must prove is also different, in that asylum requires persecution on one of five protected grounds.

that Eshaghi's withholding and CAT claims have a like possibility of success, we assume that the BIA will reconsider these claims as well.

For the foregoing reasons, we GRANT Eshaghi's petition, VACATE the BIA's order, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).